OPINION
SMITH J.:
This matter came before the Tulalip Court of Appeals for oral argument on January 28, 2014. Appellant, B.F., is appealing a decision of the Employment Court which ruled that procedures and processes of the Tulalip Tribal Code (TTC) Chapter 9.10. were followed terminating Appellant from employment with the Tu-lalip Tribes,
SUMMARY
Based upon anonymous reports that employees of the Tulalip Central Employment Department (CED) were using drugs while at work, abusing the lime clock and ignoring or falsifying urinalysis reports, the Tulalip Tribal Police Department began an investigation. B.F. and one of her supervisors, April Torres, were the two employees identified in the reports. On February 9, 2012, the Tulalip Tribal Police arrested B.F. after she purchased four Pereoeet tables during work hours in the Wal-Mart parking lot located within the Tulalip Reservation from an individual who had been reported to the tribal police as a potential drug dealer. B.F. informed the police that she was buying drugs for others, including Ms. Torres.[1]
On April 23, 2013, Appellant was dismissed from her employment with CED based on violations of the Tribes’ drug and alcohol policies. The termination notice slates that o.n February 12, 2012, Appellant was placed on investigative leave with pay pending the outcome of a Tribal administrative or criminal investigation. The termination further states that Appellant was absent from her job on several different times on February 10, 2012, and that Appellant was arrested during work hours and later charged with “Conspiracy (to commit Possession, or Delivery, of a Controlled Substance with Intent to Deliver) and Prohibited Acts: Possession of a Controlled Substance with Intent to Deliver (oxycodone hydrochloride).” Appellant was terminated for both major and minor violations of the Tulalip Employment Code.
Appellant timely filed an appeal on May 7, 2012. Briefs were filed and hearings were held by the Employment Court. An Order was entered on August 15, 2013, which affirmed Appellant’s termination *35 from employment. She timely filed an appeal to this Court and we granted review, Based on the record and the law, we find that Appellant has failed to meet her burden to show that the Employment Court’s decision should be overturned.
STANDARD OF REVIEW
Decisions of the Employment Court are to be affirmed unless the decision is “arbitrary, capricious, or unsupported by substantial evidence”. TTC 9.10.950(12). As this Court noted in a recent decision, “[although this is a standard of review typically applied to administrative rule-making proceedings rather than judicial or quasi-judicial proceedings, this Court has long-considered a ruling based on an error of law to be “arbitrary” for purposes of Employment Court appeals. J.M. v. The Tulalip Tribes, 12 NICS App. 50, 51 (Tulalip Tribal Ct.App.2014).
DISCUSSION
Appellant filed her notice of appeal to the Employment Court pro se, claiming that the dates in her dismissal notice were incorrect, that she had not been convicted, and that she had been given permission by her supervisor, Ms. Torres, to leave work early on the day she was arrested. Upon securing counsel and pursuing discovery, B.F. moved for summary judgment on the grounds that the employment investigation that culminated in her dismissal had not been “documented with dated and signed memoranda” as required by TTT 9.10.940(9).[2] At the conclusion of the hearing on the motion for summary judgment, the Employment Court announced it would deny the motion, but before it entered a written order to that effect, B.F. filed a new motion asking the Employment Court to alter or amend its oral ruling. On March 20, 2013, following a round of briefing on the motion to alter or amend its oral ruling denying summary judgment, the Employment Court entered a written order denying B.F.’s motion for summary judgment upon an express finding that “there has been evidence of dated and signed memoranda.” However, the next day, March 21, the Employment Court issued an order stating it would hear oral argument on the motion to amend or alter at the commencement of the hearing on the merits scheduled for March 27. Thus, despite two rounds of briefing and two orders denying summary judgment, the question of whether or not the investigation culminating in B.F.’s dismissal had been “documented with dated and signed memoranda” was preserved for the hearing on the merits.
At the March 27, 2013 hearing, which was to be the hearing on the merits, the Employment Court learned that discovery materials the court had previously ordered CED to provide to B.F. were not provided to B.F. until 4:02 p.m. the preceding day. The Court heard from at least some of the witnesses present, and then continued the hearing. The following day, March 28, 2013, B.F. filed a motion to enforce the Employment Court’s prior order requiring CED to produce B.F.’s complete personnel file. This motion, amongst other things, for the first time raised the issue, presumably based upon the additional discovery provided by CED on March 26 and the witness testimony of March 27, that if CED had documented the investigation with dated and signed memoranda, CED had failed to implement discipline against *36 B.F. “within 25 business days ... from the date that the investigation is considered complete” as required by TTC 9.10.940(9). Motion to Enforce Court’s Order, March 28, 2013, at 3.
The hearing on the merits was ultimately held on July 12 and July 19, 2013. The Employment Court heard testimony and argument on all of the issues discussed above, and admitted approximately thirty exhibits submitted by the parties. B.F. also filed a post-trial brief, which summarized B.F.’s case as follows:
The Tribe not only failed to properly document its investigation of Appellant but as a result, the Tribe also failed to meet its 25-day statutory deadline bringing disciplinary action against Appellant. For either or both reasons, Appellant’s disciplinary action must be reversed accordingly.
On appeal to this Court, Appellant again claims that the investigation that led to her dismissal was improperly conducted. She contends that police officers do not have any authority to conduct investigations in employment matters. However, in the instant case, the investigation that was conducted was only partially done by the police officers. They investigated the alleged criminal activity and then provided a copy of their report, as requested, to the Tribes’ Human Resources Department. There is nothing in the Employment Code that limits what the supervisors may consider when investigating. In fact, in order to maintain a safe and controlled work environment, it is reasonable to look to other sources of information available when considering whether an employee should be terminated or suspended. Denying supervisors the ability to look to police investigations for alleged criminal activity that also constitutes violations of employment policies would be an absurd result. In this case, the supervisors looked to the police investigation but also looked at her work history, recent activity and then made their conclusion to terminate.
Appellant also claims that the provisions of TTC 9.10.940(9) which requires that disciplinary action was taken either within 25 days of the completion of the investigation or within 25 days from the date upon which the events giving rise to the disciplinary action were discovered. It is contended that Appellees could not identify when the investigation was actually concluded. However, the April 23, 2012 Notice of Dismissal states “we conclude our investigation and find that you have committed the following violations .. . Appellant’s Exhibit 14. The notice goes on to identify the violations of the Tribes’ drug and alcohol policy as the unlawful manufacture, distribution, possession or use of illegal drugs or associated paraphernalia; possession of any article of contraband while on the Tulalip Tribes’ premises or while conducting Tulalip Tribes business; and possession/distribution of illegal or controlled substances on Tulalip Tribes’ premises. Id, Thus the disciplinary action was taken the day the investigation was deemed to be concluded consistent with the requirements of TTC 9.10.940(9). We agree with the Employment Court. There is nothing in the Employment Code that specifies that a separate document must be completed to show that the investigation has been completed and what the result is for the employee’s employment status.[3]
*37 CONCLUSION
Appellant has not met her burden to show that the Employment Court decision should be overturned. She has not shown that the decision of the Employment Court was arbitrary, capricious or unsupported by substantial evidence.
It is therefore ordered that the Employment Court’s decision is affirmed and this matter is remanded back for action consistent with this Order.
It is so ordered.

. B.F. ultimately pled guilty, in a separate Tulalip Tribal Court criminal proceeding to one count of possession of a controlled substance and Judgment and Sentence thereon were entered on September 25, 2012.

. B.F. asserted that this argument could not have been included in her notice of appeal because it could not have been known to her until after discovery had been completed. The Tribes did not object to the timeliness of the argument/motion, and simply responded on the merits.

. Because we agree with the Employment Court that CED’s actions complied with the procedural requirements of TTC 9.10.940(9), we need not address the Employment Court's first two alternative bases for its decision, which involved a perceived conflict among this Court's prior decisions as to whether the Employment Court could consider an issue not raised in a notice of appeal, even if, as in this case, the appellant could not have discov *37 ered the issue until after the notice was filed and the respondent did not object to the issue being heard on the merits.